ROBERT MOORES *v.* HEINN, ROBERTS & CO.

The furnisher of materials who has contracted with the undertaker, has no action against the owner
who has paid the undertaker. The mere fact that the proprietor has accepted and paid orders
drawn on him by the undertaker in favor of the material man, does not bind him beyond his
actual acceptances.

APPEAL from the District Court of the Parish of Jefferson, *Clarke,* J.
*Michel,* for plaintiff and appellant. *Elliott, Jourdan,* and *Beecher,* for
defendants.

SPOFFORD, J. We find no plausible ground in the record for disturbing the
judgment of the court below.

MOORES
v.
HEINN ET AL.

The defendants entered into a particular partnership for the purpose of building some stables, sheds, &c., upon certain premises in Lafayette, which they had leased as a stock yard. They employed one *Wirtz* as undertaker, to furnish the lumber and put up the buildings, and, as he testifies, paid him in full both for the materials and the work.

The plaintiff, a lumber merchant, proves that he furnished these materials to *Wirtz*, upon *Wirtz's* order, and that the receipts were always given by him.

. The furnisher of materials, who has contracted with the undertaker, has no action against the owner who has paid the undertaker. The mere fact, that the proprietor has accepted and paid orders drawn on him by the undertaker in favor of the material man, does not bind him beyond his actual acceptances.

If the petitioner, as furnisher of materials, wished to secure any rights against these defendants as proprietors, he should have pursued the course prescribed for his benefit, by the Act of March 18th, 1844, (Session Acts, p. 34). Having failed to do so, he must pay the penalty of his negligence.

The judgment dismissing his demand, is therefore affirmed, with costs.